FILED

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2016 JAN 22 PM 2:26

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

| | | |
|---|---|---|
| MARK EMBREE and | } | Case No. |
| JOSEPHINE LOGIUDICE, | } | 5:16-cv-35-Oc-32PRL |
| | } | |
| PLAINTIFFS | } | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | 47 U.S.C. § 227, et seq. |
| MEDICREDIT, INC., | } | Fla. Stat. § 559.55, et seq. |
| | } | |
| DEFENDANT | } | JURY TRIAL REQUESTED |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1. Plaintiffs MARK EMBREE and JOSEPHINE LOGIUDICE, through their attorney, bring this action to challenge the actions of Defendant MEDICREDIT, INC., for unlawful conduct in connection with debt collection activity.

2. The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers

to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors like the ones described in this complaint, and to protect citizens like Plaintiffs. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

6. After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors. To this end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA"). The FCCPA was designed to protect consumers from harassment like the type described within this complaint, and to protect consumers like Plaintiff. "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." *Id.* at § 559.552.

7. Plaintiffs make the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiffs' personal knowledge.

## JURISDICTION AND VENUE

8. This action partially arises out of Defendant's violations of the Telephone Consumer Protection Act (TCPA) and the Fair Debt Collection Practices Act (FDCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S. Code § 1692k, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

9. Because Defendant conducts business in the State of Florida by repeatedly calling Florida residents while attempting to collect upon consumer debts, personal jurisdiction is established.

10. Because all tortious conduct occurred while Plaintiffs resided in the City of Ocala, County of Marion, and witnesses are located within such location, venue properly lies with this court.

## PARTIES AND DEFINITIONS

11. Plaintiffs are natural persons.

12. Defendant is a "debt collector" as such term is described by the FDCPA 15 U.S.C. § 1692a(6) and the FCCPA Fla. Stat. § 559.55(7) because Defendant used instrumentalities of commerce within this state, the principal purpose of which is the collection of debts. Additionally or alternatively, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Plaintiff EMBREE was allegedly obligated to pay a "debt," as such term is described by the FDCPA 15 U.S.C. § 1692a(5) and the FCCPA Fla. Stat. § 559.55(6) because he was allegedly obligated

to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

14. Plaintiff EMBREE is a "debtor" and a "consumer" as those terms are described by the FDCPA 15 U.S.C. § 1692a(3) and the FCCPA Fla. Stat. § 559.55(8) because he was allegedly obligated to pay a debt.

15. Plaintiffs are, and at all times mentioned herein was, citizens and residents of the State of Florida, and therefore are and were "persons" as defined by 47 U.S.C. § 153(39).

16. Defendant is, and at all times mentioned herein was, a corporation and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

17. On or before approximately October 7, 2015, Defendant initiated debt collection activity against Plaintiff EMBREE.

18. On or before approximately October 7, 2015, Defendant placed multiple telephone calls to Plaintiff EMBREE's cell phone, all of which were placed using an automatic telephone dialing system, contained automated or prerecorded voices, or both.

19. On approximately October 7, 2015, Defendant placed a telephone call using an automatic telephone dialing system, containing an automated or prerecorded voice, or both, to Plaintiff EMBREE's cell phone. During that telephone call, Plaintiff EMBREE eventually spoke to a live human representative or employee of Defendant. Plaintiff EMBREE sought clarification as to the purpose of the repeated calls, which Defendant did not adequately provide. Defendant threatened Plaintiff EMBREE by saying that if Plaintiff EMBREE did not pay Defendant on the alleged debt, then Plaintiff

EMBREE would go to jail. Plaintiff EMBREE instructed Defendant that Defendant is never to call Plaintiff EMBREE again, revoking his consent to be contacted.

20. On or after the date and time of the phone call in which Plaintiff EMBREE revoked his consent to be contacted by Defendant, known to Plaintiffs as approximately October 7, 2015, as described in paragraph 19, above, Defendant placed telephone calls to Plaintiff LOGIUDICE's cell phone, all of which were placed using an automatic telephone dialing system, contained automated or prerecorded voices, or both.

21. On or after the date and time of the phone call in which Plaintiff EMBREE revoked his consent to be contacted by Defendant, known to Plaintiffs as approximately October 7, 2015, as described in paragraph 19, above, Defendant placed a telephone call using an automatic telephone dialing system, containing an automated or prerecorded voice, or both to Plaintiff LOGIUDICE's cell phone. During that telephone call, Plaintiff LOGIUDICE eventually spoke to a live human representative or employee of Defendant. Plaintiff LOGIUDICE sought clarification as to the purpose of the repeated calls, which Defendant did not adequately provide. Defendant informed Plaintiff LOGIUDICE that Defendant was attempting to reach Plaintiff EMBREE in reference to an alleged debt. Plaintiff LOGIUDICE instructed Defendant that Defendant is never to call Plaintiff LOGIUDICE again, revoking her consent to be contacted.

22. Between approximately October 7, 2015 and January 11, 2016, and in any case after the date and time of the phone calls in which both Plaintiffs revoked their consent to be contacted by Defendant, Defendant placed multiple telephone calls to both Plaintiff EMBREE's and Plaintiff LOGIUDICE's cell phones, all of which were placed using an automatic telephone dialing system, contained automated or prerecorded voices, or both; and during many of these telephone calls, and possibly all of these telephone calls, Defendant left voicemail messages containing automated or prerecorded voices as well.

23. As of January 11, 2016, Plaintiff EMBREE has not received any form of written notice whatsoever from Defendant with regards to Defendant's initiation of debt collection procedures against Plaintiff EMBREE. Additionally, during Defendant's initial communication with Plaintiff EMBREE, and in fact during every one of Defendant's communications with Plaintiff EMBREE, Defendant failed to provide Plaintiff EMBREE with the information regarding the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

## **FIRST CLAIM FOR RELIEF**

**Violation of the FDCPA, 15 U.S.C. § 1692, et seq., as it relates to Plaintiff EMBREE**

24. Plaintiff EMBREE repeats, re-alleges, and incorporates by reference paragraphs 1-23, as if fully set forth herein.

25. By repeatedly contacting Plaintiff EMBREE for debt collection purposes despite Plaintiff EMBREE's insistence that Defendant does not do so, Defendant has engaged in unfair and unconscionable means in an attempt to collect a debt, in violation of the FDCPA, 15 U.S.C. § 1692f.

26. By repeatedly contacting Plaintiff EMBREE for debt collection purposes despite Plaintiff EMBREE's repeated insistence that Defendant does not do so, Defendant has engaged in conduct the

natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of the FDCPA, 15 U.S.C. § 1692d.

27. By informing Plaintiff EMBREE that he might go to jail for not paying Defendant, Defendant engaged in false, deceptive, or misleading representations in connection with the collection of a debt, in violation of the FDCPA, 15. U.S.C. § 1692e(4) and 15. U.S.C. § 1692e(7).

28. By contacting a third party and communicating to that third party that Plaintiff EMBREE owes a debt, Defendant has engaged in illegal communication in violation of the FDCPA, 15 U.S.C. § 1692c(b).

29. By contacting a third party more than once with regards to Plaintiff EMBREE's alleged debt, without the request of the third party and without the reasonable belief that the answer given by the third party is erroneous or incomplete and the third party now has correct or complete location information, Defendant has engaged in illegal communication in violation of the FDCPA, 15 U.S.C. § 1692c(b).

30. By failing to provide Plaintiff EMBREE with written notice within five days of the initial communication with Plaintiff EMBREE with the collection of the debt, or during the initial communication itself, the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different

from the current creditor, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692g(a).

31. The FDCPA provides for actual damages sustained as a result of violation of the statute, 15 U.S.C. § 1692k(a)(1).

32. The FDCPA provides for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(2).

33. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

34. 15 U.S.C. § 1692k(a)(1) entitles Plaintiff EMBREE to actual damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692f, and Plaintiff EMBREE is so entitled. Additionally or alternatively, 15 U.S.C. § 1692k(a)(1) entitles Plaintiff EMBREE to actual damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692d, and Plaintiff EMBREE is so entitled. Additionally or alternatively, 15 U.S.C. § 1692k(a)(1) entitles Plaintiff EMBREE to actual damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692e(4), and Plaintiff EMBREE is so entitled. Additionally or alternatively, 15 U.S.C. § 1692k(a)(1) entitles Plaintiff EMBREE to actual damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692e(7), and Plaintiff EMBREE is so entitled. Additionally or alternatively, 15 U.S.C. § 1692k(a)(1) entitles Plaintiff EMBREE to actual damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692c(b), and Plaintiff EMBREE is so entitled. Additionally or alternatively, 15 U.S.C. § 1692k(a)(1) entitles Plaintiff EMBREE to actual damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692g(a), and Plaintiff EMBREE is so entitled.

35. 15 U.S.C. § 1692k(a)(2) entitles Plaintff EMBREE to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692f, and Plaintff EMBREE is so entitled. Additionally or alternatively, 15 U.S.C. § 1692k(a)(2) entitles Plaintff EMBREE to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692d, and Plaintff EMBREE is so entitled. Additionally or alternatively, 15 U.S.C. § 1692k(a)(2) entitles Plaintff EMBREE to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692e(4), and Plaintff EMBREE is so entitled. Additionally or alternatively, 15 U.S.C. § 1692k(a)(2) entitles Plaintff EMBREE to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692e(7), and Plaintff EMBREE is so entitled. Additionally or alternatively, 15 U.S.C. § 1692k(a)(2) entitles Plaintff EMBREE to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692c(b), and Plaintff EMBREE is so entitled. Additionally or alternatively, 15 U.S.C. § 1692k(a)(2) entitles Plaintff EMBREE to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692g(a), and Plaintff EMBREE is so entitled.

36. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff EMBREE to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff EMBREE is so entitled.

WHEREFORE, Plaintiff EMBREE respectfully requests that this Court enters judgment against Defendant and provides Plaintiff EMBREE with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(a) Statutory damages in the amount of $1,000.00;

(b) Reasonable attorney's fees and costs;

(c) And any other relief as the court deems proper and may provide.

Plaintiff EMBREE requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

**Violation of the FDCPA, 15 U.S.C. § 1692, et seq., as it relates to Plaintiff LOGIUDICE**

37. Plaintiff LOGIUDICE repeats, re-alleges, and incorporates by reference paragraphs 1-23, as if fully set forth herein.

38. By repeatedly contacting Plaintiff LOGIUDICE for debt collection purposes despite Plaintiff LOGIUDICE's insistence that Defendant does not do so, Defendant has engaged in unfair and unconscionable means in an attempt to collect a debt, in violation of the FDCPA, 15 U.S.C. § 1692f.

39. By repeatedly contacting Plaintiff LOGIUDICE for debt collection purposes despite Plaintiff LOGIUDICE 's repeated insistence that Defendant does not do so, Defendant has engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of the FDCPA, 15 U.S.C. § 1692d.

40. By contacting Plaintiff LOGIUDICE under the guise of acquiring location information and communicating to her that Plaintiff EMBREE owes a debt, Defendant has engaged in illegal communication in violation of the FDCPA, 15 U.S.C. § 1692c(b).

41. By contacting Plaintiff LOGIUDICE more than once under the guise of acquiring location information with regards to Plaintiff EMBREE's alleged debt, without Plaintiff LOGUIDICE'S request and without the reasonable belief that the answer given by Plaintiff LOGIUDICE is erroneous or incomplete and Plaintiff LOGIUDICE now has correct or complete location information, Defendant has engaged in illegal communication in violation of the FDCPA, 15 U.S.C. § 1692c(b).

42. The FDCPA provides for actual damages sustained as a result of violation of the statute, 15 U.S.C. § 1692k(a)(1).

43. The FDCPA provides for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(2).

44. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

45. 15 U.S.C. § 1692k(a)(1) entitles Plaintiff LOGIUDICE to actual damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692f, and Plaintiff LOGIUDICE is so entitled. Additionally or alternatively, 15 U.S.C. § 1692k(a)(1) entitles Plaintiff LOGIUDICE to actual damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692d, and Plaintiff LOGIUDICE is so entitled. Additionally or alternatively, 15 U.S.C. § 1692k(a)(1) entitles Plaintiff LOGIUDICE to actual damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692c(b), and Plaintiff LOGIUDICE is so entitled.

46. 15 U.S.C. § 1692k(a)(2) entitles Plaintiff LOGIUDICE to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692f, and Plaintiff LOGIUDICE is so entitled. Additionally or alternatively, 15 U.S.C. § 1692k(a)(2) entitles Plaintiff LOGIUDICE to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692d, and Plaintiff LOGIUDICE is so entitled. Additionally or alternatively, 15 U.S.C. § 1692k(a)(2) entitles Plaintiff LOGIUDICE to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692c(b), and Plaintiff LOGIUDICE is so entitled.

47. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff LOGIUDICE to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff LOGIUDICE is so entitled.

WHEREFORE, Plaintiff LOGIUDICE respectfully requests that this Court enters judgment against Defendant and provides Plaintiff LOGIUDICE with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(a) Statutory damages in the amount of $1,000.00;

(b) Reasonable attorney's fees and costs;

(c) And any other relief as the court deems proper and may provide.

Plaintiff LOGIUDICE requests a jury for all claims so triable.

### THIRD CLAIM FOR RELIEF

**Violation of the TCPA, 47 U.S.C. § 227, et seq., as it relates to Plaintiff EMBREE**

48. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-23, as if fully set forth herein.

49. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to call Plaintiff EMBREE's cellular telephone at least one (1) time.

50. Additionally or alternatively, Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) of the TCPA by using automated or prerecorded voices when calling Plaintiff EMBREE's cellular telephone at least one (1) time.

51. Upon information and belief, these violations of the TCPA were knowing or willful because Defendant has been the subject of multiple lawsuits over telephone calls made by Defendant to other debtors in violation of the TCPA.

52. The TCPA provides for statutory damages of $500.00 per call made in violation of the statute, 47 U.S.C. § 227(b)(3).

53. The TCPA provides for treble damages, an additional $1,000.00 per call made in violation of the statute, for a total of $1,500.00 per call, if the violations were willful or knowing, *Id.*

54. Plaintiff EMBREE is entitled to $500.00 in statutory damages per violating call, *Id.*

55. Plaintiff EMBREE is entitled to an additional $1,000.00 in treble statutory damages per violating call, for a total of $1,500.00 per violating call, due to the knowing or willful nature of the violations, *Id.*

WHEREFORE, Plaintiff EMBREE respectfully requests that this Court enters judgment against Defendant and provides Plaintiff EMBREE with the following relief:

(a) Statutory damages in the amount of $500.00 per each violating call;

(b) Treble statutory damages in the amount of an additional $1,000.00 per each violating call, for a total of $1,500.00 per each violating call;

(c) And any other relief as the court may deem proper and may provide.

Plaintiff EMBREE requests a jury for all claims so triable.

## FOURTH CLAIM FOR RELIEF

**Violation of the TCPA, 47 U.S.C. § 227, et seq., as it relates to Plaintiff LOGIUDICE**

56. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-23, as if fully set forth herein.

57. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to call Plaintiff LOGIUDICE's cellular telephone at least one (1) time.

58. Additionally or alternatively, Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) of the TCPA by using automated or prerecorded voices when calling Plaintiff LOGIUDICE's cellular telephone at least one (1) time.

59. Upon information and belief, these violations of the TCPA were knowing or willful because Defendant has been the subject of multiple lawsuits over telephone calls made by Defendant to other debtors in violation of the TCPA.

60. The TCPA provides for statutory damages of $500.00 per call made in violation of the statute, 47 U.S.C. § 227(b)(3).

61. The TCPA provides for treble damages, an additional $1,000.00 per call made in violation of the statute, for a total of $1,500.00 per call, if the violations were willful or knowing, *Id.*

62. Plaintiff LOGIUDICE is entitled to $500.00 in statutory damages per violating call, *Id.*

63. Plaintiff LOGIUDICE is entitled to an additional $1,000.00 in treble statutory damages per violating call, for a total of $1,500.00 per violating call, due to the knowing or willful nature of the violations, *Id.*

WHEREFORE, Plaintiff LOGIUDICE respectfully requests that this Court enters judgment against Defendant and provides Plaintiff LOGIUDICE with the following relief:

(a) Statutory damages in the amount of $500.00 per each violating call;

(b) Treble statutory damages in the amount of an additional $1,000.00 per each violating call, for a total of $1,500.00 per each violating call;

(c) And any other relief as the court may deem proper and may provide.

Plaintiff LOGIUDICE requests a jury for all claims so triable.

## FIFTH CLAIM FOR RELIEF

### Violation of the FCCPA, Fla. Stat. § 559.55, et seq.

64. Plaintiff EMBREE repeats, re-alleges, and incorporates by reference paragraphs 1-23, as if fully set forth herein.

65. By repeatedly calling Plaintiff EMBREE despite Plaintiff EMBREE's repeated insistence that Defendant does not do so, Defendant willfully communicated with Plaintiff EMBREE with such frequency as can reasonably be expected to harass Plaintiff, in violation of the FCCPA, Fla. Stat. § 559.72(7).

66. By repeatedly calling Plaintiff EMBREE despite Plaintiff EMBREE's repeated insistence that Defendant does not do so, Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass Plaintiff, in violation of the FCCPA, *Id.*

67. By contacting a third party and communicating to that third party that Plaintiff EMBREE owes a debt with knowledge or reason to have knowledge that the third party does not have a legitimate business need for the information that Plaintiff EMBREE owes a debt, Defendant willfully engaged in illegal communication in violation of the FCCPA, Fla. Stat. § 559.72(5).

68. The FCCPA provides for actual damages for violation of the statute, Fla. Stat. § 559.77(2).

69. The FCCPA provides for statutory damages of $1,000.00 for violation of the statute, *Id.*

70. The FCCPA provides for reasonable attorney's fees and costs in any successful action, *Id.*

71. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part. *Id.*

72. Fla. Stat. § 559.77(2) entitles Plaintiff EMBREE to actual damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72(7), and Plaintiff EMBREE is so entitled. Additionally or alternatively, Fla. Stat. § 559.77(2) entitles Plaintiff EMBREE to actual damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72(5), and Plaintiff EMBREE is so entitled.

73. Fla. Stat. § 559.77(2) entitles Plaintiff EMBREE to $1,000.00 in statutory damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72(7), and Plaintiff EMBREE is so entitled. Additionally or alternatively, Fla. Stat. § 559.77(2) entitles Plaintiff EMBREE to $1,000.00 in statutory damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72(5), and Plaintiff EMBREE is so entitled.

74. Fla. Stat. § 559.77(2) entitles Plaintiff EMBREE to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff EMBREE is so entitled.

WHEREFORE, Plaintiff EMBREE respectfully requests that this Court enters judgment against Defendant and provides Plaintiff EMBREE with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff EMBREE requests a jury for all claims so triable.

Respectfully submitted this 11th day of January, 2016,

By Plaintiffs' attorney: /s/ Nicholas Michael Murado
Nicholas Michael Murado

Florida Bar # 102769

Murado Law, P.A.

2010 S.W. 99th Avenue

Miramar, Florida, 33025

Telephone: 754-816-2196

E-mail: muradolaw@gmail.com