**MARK EMBREE and JOSEPHINE LOGIUDICE,**

      **Plaintiffs,**

**v.**                                          **Case No: 5:16-cv-35-Oc-32PRL**

**MEDICREDIT, INC.**

      **Defendant.**

_____

## ORDER

This matter is before the Court on Plaintiffs' unopposed motion for leave to brief the matter of Plaintiffs' attorney's fees and costs under seal. (Doc. 47). The parties resolved this case in court ordered mediation but were unable to resolve the issue of Plaintiffs' attorney's fees and costs. Plaintiffs represent that the parties' Mediated Settlement Agreement provides that the terms of the settlement are confidential and the Settlement Agreement shall be filed under seal with the Court if an attorney's fee motion is filed.

The filing of documents under seal is disfavored by the Court, because as the Eleventh Circuit has explained, "'[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). The common law right of access may be overcome by a showing of good cause. *Romero*, 480 F.3d at 1246. In determining whether good cause exists,

the Court must, given the type of information at issue, balance the public's right of access against the party's interest in confidentiality. *Id.* Courts consider, among others, the following factors:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* "It is the burden of the party seeking the protection to establish that the document should be filed under seal." *F.T.C. v. Alcoholism Cure Corp.*, No. 3:10-CV-266-J-34TEM, 2010 WL 4840046, at *4 (M.D. Fla. Nov. 23, 2010). And where the motion to seal is uncontested, "the Court must still ensure that the motion is supported by good cause." *Main & Associates, Inc. v. Blue Cross & Blue Shield of Ala.*, No. 2:10-CV-326-MEF, 2010 WL 2025375, at *2 (M.D. Ala. May 20, 2010).

A party may establish good cause by showing that public disclosure will cause the party a "'clearly defined and serious injury.'" *NXP B.V. v. Research In Motion, Ltd.*, No. 6:12–cv–498–Orl–22TBS, 2013 WL 4402833, *2 (M.D.Fla. Aug.15, 2013) (quoting *Vista India, Inc. v. Raaga, LLC*, No. 07–1262, 2008 WL 834399, *2 (D.N.J. Mar.27, 2009). "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246. Also, "the terms of confidential agreements oftentimes outweigh[] the public's right of access." *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-CV-399-ORL-40, 2015 WL 5307729, at *1–2 (M.D. Fla. Sept. 10, 2015).

Here, the Court is satisfied that the parties' privacy interests in the terms of the Settlement Agreement override any public interest in the document. Accordingly, Plaintiffs' motion (Doc. 47) is **GRANTED** to the extent that they are authorized to file the Settlement Agreement in a

sealed envelope, clearly labeled with the style of the case, and identifying that it is being filed under seal pursuant to this Order of the Court.

However, Plaintiffs have failed to show, or even explain, why their brief and unidentified exhibits must also be filed under seal. So, on or before **June 30, 2017**, Plaintiffs shall either file their brief and exhibits on the public docket or show cause in writing why these documents should not be publicly filed, in which case, Plaintiffs shall also provide copies of the documents they seek to seal to the undersigned for *in camera* review.

**DONE** and **ORDERED** in Ocala, Florida on June 23, 2017.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties