# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**MARK EMBREE and JOSEPHINE LOGIUDICE,**

    Plaintiffs,

v.                                                    Case No: 5:16-cv-35-Oc-32PRL

**MEDICREDIT, INC.**

    Defendant.

## ORDER

The parties resolved this case in court ordered mediation but were unable to resolve the issue of Plaintiffs' attorney's fees and costs. Plaintiffs filed a motion to brief the matter of Plaintiffs' attorney's fees and costs under seal. (Doc. 47). While the Court granted Plaintiffs' request to file the parties' mediated settlement agreement under seal, it was unable to resolve whether Plaintiff's motion and attachments should likewise be filed under seal. Accordingly, the Court directed Plaintiffs to either file their brief and exhibits on the public docket or show cause in writing why those documents should not be publicly filed, in which case, Plaintiffs should also provide copies of the documents they seek to seal to the undersigned for in camera review. Plaintiffs have now responded to the order to show cause (Doc. 50) and submitted their motion with attachments to the Court for in camera review. After reviewing these submissions, the Court is unpersuaded that the motion and attachments should sealed.

The filing of documents under seal is disfavored by the Court, because as the Eleventh Circuit has explained, "'[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential

component of our system of justice, is instrumental in securing the integrity of the process.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). The common law right of access may be overcome by a showing of good cause. *Romero*, 480 F.3d at 1246.

Here, Plaintiffs argue that sealing is necessary because the motion will turn on the specific language of the mediated settlement agreement, which has been filed under seal. (Doc. 50). However, while Plaintiffs cite to two provisions of the mediated settlement agreement in their motion, both provisions are generic, so long as the monetary amount of the settlement is redacted. Moreover, the attachments are time and cost records routinely filed in support of similar motions. Accordingly, Plaintiffs have failed to show good cause to file these documents under seal. Plaintiffs shall file their motion, with the monetary amount of the settlement redacted, on the public docket within **five (5) days** of this Order.

**DONE** and **ORDERED** in Ocala, Florida on July 6, 2017.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties